UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE FIRST, N.A., a banking institution organized under the laws of the United States with a place of business in Ellsworth, County of Hancock, State of Maine,<br><br>          Plaintiff,<br><br>          v.<br><br>F/V ASHLEY DAWN, (O.N. 572187), her engines, machinery, equipment, masts, etc., *in rem*;<br><br>          and<br><br>CHRISTOPHER D. CHURCH, of Birch Harbor in the Town of Gouldsboro, County of Hancock, State of Maine, *in personam*,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:09-cv-00271<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Judgment of Foreclosure of Ship Mortgage and Order of Sale**

Upon Plaintiff's Motion for Judgment of Foreclosure and Order of Sale by Default dated August 25, 2009, entry of default having been entered against the F/V ASHLEY DAWN (O.N. 572187), *in rem*, against Christopher D. Church, *in personam*, and against all other persons and entities that have or may claim an interest in the vessel, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The First Preferred Ship Mortgage held by Plaintiff upon the F/V ASHLEY DAWN (O.N. 572187) her engines, machinery, fishing gear and appurtenances is foreclosed;

2. Judgment be awarded in favor of Plaintiff and against Defendants F/V ASHLEY DAWN (O.N. 572187), *in rem*, and Christopher D. Church, *in personam* in the amount of $116,334.22 as of August 14, 2009 in principal and accrued interest together with interest after August 14, 2009 accruing at the rate of $25.31 per diem plus costs of collection including attorney's fees, expenses of sale and custodial costs against Defendant F/V ASHLEY DAWN, *in rem*, and Defendant Christopher D. Church, *in personam*;

3. The United States Marshal shall sell the said F/V ASHLEY DAWN (O.N. 572187), her engines, machinery, fishing gear and appurtenances free and clear of all liens and encumbrances at public sale to be advertised by publication once in the Bangor Daily News at least fourteen (14) days prior to sale with the deposit proceeds to be held by the U. S. Marshal. The Plaintiff may credit bid at the Marshal's sale without deposit;

4. Plaintiff shall submit an Affidavit of its costs and attorneys fees and of the fees and expenses of the Substitute Custodian to be included within the judgment debt for approval by the Court with the Motion for Confirmation of Sale; and

5. Upon Order of Confirmation of Sale by the Court and payment of the balance due to the U.S. Marshal by the purchaser at Marshal's sale, the U.S. Marshal shall distribute the net proceeds after retention of the commission due to the U.S. Marshal as follows: (a) to Plaintiff The First, N.A. its judgment debt as set forth in the Order of Confirmation of Sale and (b) to Defendant Christopher D. Church any surplus. On Motion of

Plaintiff, the Clerk shall issue a Writ for any deficiency against Defendant Christopher D. Church.

Dated: August 26, 2009    /s/ George Z. Singal
U.S. District Judge